Ex parte LORENZO RIVERA, Petitioner.

No. 92. Argued November 30, 1925.—Decided December 11, 1925.

HABEAS CORPUS—PUBLIC SERVICE—CARRIERS—ADMINISTRATIVE FINE.—In accordance with section 95 of the Act defining public service companies, as amended in 1921, fines which may be imposed for violations of any of the provisions of said act are of an administrative and not of a penal character.

Petition for a writ of *habeas corpus. Granted.*
R. Arjona Siaca for the petitioner. *José E. Figueras, Fiscal,* for The People.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Lorenzo Rivera was convicted of having violated the Rules and Regulations approved on June 3, 1924, by the Public Service Commission and sentenced to pay a fine of fifty dollars or to be imprisoned one day for each dollar not paid.

He was committed to jail for not paying the fine and has filed this petition in *habeas corpus,* alleging that his imprisonment is illegal because the violation of the regulation is not made penal by law and therefore the lower court had no jurisdiction to render the judgment of conviction and sentence him to the alternative punishment of fine or jail.

The part of the Rules and Regulations to which the accusation and judgment refer reads as follows:

"From the first of July, 1924, any natural or corporate person, or any lessee or administrator of either, engaged for profit in Porto Rico in transporting passengers and their baggage in motor vehicles

shall be considered a common carrier and as such shall not engage in such transportation between fixed points or along certain routes without first having obtained a certificate of necessity and convenience for said services from the Public Service Commission.''

And the only sanction for the violation of that rule is established by section 95 of the Act defining public service companies, as amended by Act No. 32 of June 20, 1921 (p. 184), which reads as follows:

''Section 95.—*Penalty for Violating Act or Franchise.*—If any public-service company shall violate any of the provisions of this Act, or shall perform any act herein prohibited; or shall fail, omit, neglect or refuse to perform any duty enjoined upon it by this Act; or shall fail, omit, neglect or refuse to obey, observe and comply with any final direction, requirement, determination or order made by the commission; or to comply with any judgment, order or decree made by any court, such public-service company, for such violation, omission, failure, neglect or refusal, shall forfeit and pay to the Treasurer of Porto Rico a sum not less than fifty (50) dollars nor more than one thousand (1,000) dollars. Any public-service company failing to comply with any obligation or obligations imposed upon it under the franchise, shall incur a fine of from five hundred (500) to five thousand (5,000) dollars, which shall be imposed by the commission for each violation of the franchise under summary proceedings that may be initiated by virtue of an order issued for the purpose, on its own motion or on motion of any person making a complaint in writing. For a second and subsequent offenses the fine shall be not less than one thousand (1,000) dollars and the franchise may be cancelled by the commission and The People of Porto Rico shall substitute the grantee in all privileges and obligations under the said franchise.

''The amount of any fine imposed pursuant to this Section shall be paid within thirty days after notification to the company fined, or within such an extension of time which for a good and sufficient cause may be granted by the commission; *Provided*, That if the fine in question be not paid in due time it shall be sufficient cause for the cancellation of the franchise and the amount due for such fine may be recovered by an action instituted in the name of The People of Porto Rico in the competent District Court, which court is hereby clothed with exclusive jurisdiction to hear and determine all proceedings for the collection of fines.

"On construing and enforcing the provisions of this Section, the violation, omission, failure, neglect or refusal of any officer, agent, or other person acting or employed by the said public-service company, acting within the powers of his office, shall be considered in any case to be the violation, omission, failure, neglect or refusal of the said public-service company."

The text of that section shows plainly that the petitioner is right. It prescribes the manner of punishing infractions of its provisions in all that concerns public-service companies. The fines and their amounts are determined and a summary proceeding is provided for their collection. The entire section indicates that the fines that may be imposed have an administrative and not a penal character. The lower court could not go beyond what is established by the statute and give to the fine a penal effect. Imprisonment is a punishment imposed in consequence of a crime and it is elementary in penal matters that no act can be charged and punished unless it is expressly defined and made punishable by law. Sec. 5 of the Penal Code.

For the foregoing reasons the petition is sustained and the petitioner discharged.

Mr. Justice Wolf took no part in the decision of this case.